UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHMIR SKINNER,<br><br>                Plaintiff,<br><br>        v.<br><br>CORRECTION OFFICER I. COLLAZO, et al.,<br><br>                Defendants. | Civil Action No. 15-8546 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on a civil rights Complaint filed by Plaintiff Rahmir Skinner pursuant to 42 U.S.C. § 1983. Presently before the Court is a Motion to Dismiss ("Motion") by Defendants Correction Officer Ferrell and Correction Officer Sanders (collectively referred to as "Moving Defendants"), seeking to dismiss Plaintiff's official capacity and federal claims against them. ECF No. 20. It appearing:

1. Moving Defendants assert that Plaintiff's official capacity claims against them, under both § 1983 and the New Jersey Civil Rights Act, should be dismissed because suits for damages against state officials in their official capacity are not cognizable under either the federal or the state constitution. The Court agrees. *See Hairston v. Miller*, 646 F. App'x 184, 187 (3d Cir. 2016) ("To the extent Hairston sought monetary damages against the defendants in their official capacities, dismissal of those claims based on sovereign immunity was proper."); *State v. Brown*, 442 N.J. Super. 406, 425-26 (App. Div. 2015) (finding that neither the state nor state officials in their official capacity are proper defendants in a civil rights action under the New Jersey Civil Rights Act). As such, the Motion is granted with regard to Plaintiff's official capacity claims against Moving Defendants, and those claims are dismissed without prejudice.

2. Moving Defendants further assert that Plaintiff's federal claims should be dismissed because the Complaint does not allege that he properly exhausted administrative remedies. The Court agrees that federal law does require Plaintiff, as a prisoner, to exhaust administrative remedies prior to assertion of his § 1983 claims. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the . . . exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). However, "failure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Therefore, although Plaintiff does not plead proper exhaustion, that is not a basis to dismiss his claim on exhaustion grounds. While Moving Defendants contend the facts as alleged in the Complaint show that Plaintiff did not properly exhaust his administrative remedies, because Plaintiff is not required to plead exhaustion in the first place, the Court cannot find, at this stage of the litigation, that there are no additional facts, not pled in the Complaint, which would establish exhaustion. Accordingly, the Motion is denied on this ground.

IT IS on this ___27___ day of ___January_____, 2017,

ORDERED that the Motion to Dismiss by Defendants Correction Officer Ferrell and Correction Officer Sanders is hereby **GRANTED** in part and **DENIED** in part; it is further

ORDERED that Plaintiff's official capacity claims against Correction Officer Ferrell and Correction Officer Sanders are hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Peter G. Sheridan
United States District Judge